# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| ANTON M. FERGUSON, | ) | CASE NO.1:15CV2636 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| Vs. | ) | |
| | ) | |
| DIRECTV, LLC ET AL., | ) | **OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Defendant DIRECTV LLC's Motion to Stay all Proceedings Pending Resolution to Bankruptcy (ECF DKT #36). For the following reasons, the Motion is DENIED.

## I. FACTUAL AND PROCEDURAL HISTORY

Plaintiff Anton M. Ferguson filed this class action on December 1, 2015, against co-defendants DirecTV and Mulitband Corp. ("Multiband"), alleging violations of the Fair Credit Reporting Act ("FCRA"). The Complaint was amended March 23, 2016.

Ferguson is a former independent subcontractor who performed home installation services for a subcontractor of Multiband. Multiband is a home service provider for DirecTV and performs installation services pursuant to written contracts with DirecTV. Pursuant to an indemnity provision within their contract, Multiband is responsible for attorney fees and costs within this litigation. The same attorneys represent the co-defendants.

On February 23, 2017, the Court ordered that the parties must submit a proposed case management schedule for the underlying case within 30 days. DirectTV's co-defendant

Multiband filed for Chapter 11 bankruptcy in the Southern District of Texas on or around March 13, 2017, resulting in an automatic stay of the action filed against Multiband, but not for DirecTV. DirecTV has since timely filed this motion to stay all proceedings, vacate all pending deadlines in the case and to order the parties to file a joint case management scheduling order within fourteen (14) days of the resolution of the bankruptcy case. DirecTV contends that the Multiband bankruptcy proceedings will conclude by the end of April 2017 by virtue of being "prepackaged." Ferguson opposes.

## II. LAW & ANALYSIS

### A. Standard of Review

A District Court has broad discretion to stay proceedings as an incident to its power to control its own docket. *Clinton v. Jones*, 520 U.S. 681, 683, 117 S. Ct. 1636, 1639, 137 L. Ed. 2d 945 (1997). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Gray v. Bush*, 628 F.3d 779, 785 (6th Cir.2010) (alteration in original) (quoting *Landis v. North American Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936)).

### B. Factors District Court Must Consider on whether to Grant Stay and Burden of Proof

District courts generally consider and balance certain factors when determining whether a stay of civil proceedings is appropriate in a given case:

1) The extent to which the issues in the criminal case overlap with those presented in the civil case;

2) The status of the case, including whether the defendants have been indicted;

3) The private interests of the plaintiffs in proceeding expeditiously weighed against

> the prejudice to plaintiffs caused by the delay;

4) The private interests of and burden on the defendants;

5) The interests of the courts; and

6) The public interest.

*F.T.C. v. E.M.A. Nationwide, Inc*., 767 F.3d 611, 627–28 (6th Cir. 2014).

"[T]he burden is on the party seeking the stay to show that there is pressing need for delay, and that neither the other party nor the public will suffer harm from entry of the order." *Ohio Envtl. Council*, 565 F.2d at 396. The most important factor is the balance of the hardships, but "[t]he district court must also consider whether granting the stay will further the interest in economical use of judicial time and resources." *Int'l Bhd. of Elec. Workers v. AT & T Network Sys*., *No. 88-3895,* 879 F.2d 864, (6th Cir. 1989).

### C. Defendant's Motion

The circumstances surrounding DirecTV's Motion to Stay align the relevant factors against granting this motion. Since this proceeding involves only a civil trial, the first two factors are irrelevant.

Prior to addressing the third factor, the Court finds that the fourth factor does not favor DirecTV's arguments that Defendant will be greatly burdened by denying the stay. In its Motion Supplement from March 29, DirecTV expressed the expectation that the bankruptcy proceeding will conclude at the end of April. DirecTV alleges that Ferguson's potential depositions will have to be repeated before attorneys from both DirecTV and Multiband twice, if the Scheduling Order is not stayed. DirecTV has alleged in the same motion that the same attorneys represent both DirecTV and Multiband. Therefore, the Court concludes that DirecTV has answered its

3

first concern within its own motion. It is also not lost on the Court that the Amended Complaint was filed more than a year ago and that no discovery has been produced during this entire time frame. This delay prejudices all parties.

DirecTV also argues that the attorneys who represent the co-defendants are paid for by Multiband and this situation may potentially create indemnity issues for DirecTV. In lieu of the fact that it is near the time frame given by DirecTV for the bankruptcy proceeding to be completed, there will be little prejudice in allowing discovery to continue and for a proposed case management schedule to be submitted without undue delay.

The third factor, as defined by the Sixth Circuit, weighs minimally in favor of Ferguson. In weighing this factor, the Court must consider the Plaintiff's private interests in proceeding expeditiously as well as the prejudice caused to the Plaintiffs by the delay. Ferguson has noted that discovery desired from DirecTV may substantiate Plaintiff's key allegations against DirecTV supporting a class-certification motion. Due to the year-long delay to discovery already, Ferguson is prejudiced if he intends to dispose key witnesses - as memories fade while years pass. If DirecTV's prediction of the bankruptcy proceeding is accurate, there is little merit to stay the creation of a case management schedule and proceeding with written discovery, other than to cause additional delay to the proceeding. Even though the delay would not exceed more than a month, Plaintiff has an interest in bringing his case to a conclusion without undue delay.

As for the fifth and sixth factors, the Court finds the interest of the public and the Court to facilitate the expedient conclusion of court proceedings takes precedence. As noted by the above facts, the Court's resources are not burdened in setting a case management schedule shortly after the conclusion of a co-defendant's bankruptcy proceeding. Instead, the public

interest is furthered where individuals' injuries are remedied in a timely manner. *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 629 (6th Cir. 2014).

In light of the proposed limited duration of this Motion to Stay, neither factor weighs especially heavily for either of the parties, but never-the-less align in favor of the Plaintiffs. Defendant has not met its burden to persuade the Court to grant the Motion to Stay proceedings while Co-Defendant's bankruptcy proceedings reach a conclusion. Therefore, the Motion is denied, the parties have 14 days to submit a proposed case management schedule to this Court, and discovery shall proceed on Plaintiff's claims against DirecTV.

### III. CONCLUSION

Defendant DirecTV motioned the Court to grant its Motion to Stay pending the conclusion of Multiband's bankruptcy proceeding. DirecTV has failed to meet its burden to warrant granting this stay. Therefore, DirecTV's Motion to Stay is DENIED.

Furthermore, in light of this ruling, discovery shall proceed and parties have 14 days as of the date of this order to submit a proposed case management schedule.

IT IS SO ORDERED.

s/ Christopher A. Boyko
CHRISTOPHER A. BOYKO
United States District Judge

Dated: May 12, 2017